IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ANDRE LORENZANO, :
:
    Plaintiff :
:
v. : CIVIL NO. 3:CV-17-53
:
SERGEANT GROVE, : (Judge Conaboy)
:
    Defendant :

**MEMORANDUM**

**Background**

Andre Lorenzano, an inmate presently confined at the State Correctional Institution, Huntingdon, Pennsylvania (SCI-Huntingdon) filed this pro se civil rights action pursuant to 42 U.S.C. § 1983  Plaintiff has also submitted an in forma pauperis application which will be granted for the sole purpose of the filing of this action with this Court.

Named as sole Defendant is Sergeant Grove, an SCI-Huntingdon correctional officer.  Plaintiff states that while confined at SCI-Huntingdon on September 10, 2016 he was subjected to unwarranted threats following a misunderstanding with a correctional officer while leaving the prison's infirmary.  The correctional officer, a non-defendant, purportedly contacted other correctional staff regarding this incident.

As a result, when Lorenzano returned to his cell block,

1

Sergeant Grove allegedly began screaming at him and intentionally spit in the Plaintiff's face when the prisoner tried to walk away. See Doc. 1, p. 5. Grove continued to yell and spit on Lorenzano and allegedly tried to provoke a response from the Plaintiff so that physical force could be applied against the inmate.[1] It is also alleged that after Plaintiff eventually walked away and returned to his cell, Grove refused to let Lorenzano speak to a superior officer. Plaintiff concludes that the Defendant's purported unwarranted aggressive actions were retaliatory and constituted a violation of his constitutional rights. As relief, Plaintiff seeks monetary damages.

## Discussion

### Standard of Review

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may rule that process should not issue if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989), Douris v. Middleton Township, 293 Fed. Appx. 130, 132 (3d Cir. 2008). Indisputably meritless legal theories are those "in which either it is readily apparent that

---

[1] There is no allegation that Plaintiff was subjected to any other physical abuse.

the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)). In order to state a viable civil rights claim a plaintiff must make a showing that the conduct complained of was committed by a person acting under color of law and that said conduct deprived him of a right, privilege, or immunity secured by the Constitution or by a statute of the United States. Cohen v. City of Philadelphia, 736 F.2d 81, 83 (3d Cir. 1984). Each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie those claims set forth in the Complaint. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).[2]

Although pro se litigants are afforded liberal treatment, Haines v. Kerner, 404 U.S. 519, 520 (1972), based upon the deficiencies outlined below the Complaint is subject to dismissal.

**Emotional Injury**

Lorenzano's complaint generally asserts that he is seeking an award of monetary damages. It is unclear as to whether

---

[2] The United States Supreme Court in Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 167 (1993), noted that a § 1983 complaint need only to comply "with the liberal system of 'notice pleading' set up by the Federal Rules." Id.

3

Plaintiff is seeking to recover compensatory damages for emotional and psychological injuries sustained as a result of the actions attributed to Sergeant Grove. For the reasons outlined below, Lorenzano is not entitled to recover compensatory damages for mental anguish or emotional injury.

42 U.S.C. § 1997e(e) provides that "[n]o federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." In <u>Allah v. Al-Hafeez</u>, 226 F.3d 247,250 (3d Cir. 2000), the United States Court of Appeals for the Third Circuit recognized that where a plaintiff fails to allege actual injury, Section 1997e(e) bars recovery of compensatory damages. However, the Court of Appeals added that an inmate alleging a violation of his constitutional rights may still pursue the action to recover nominal and/or punitive damages even in the absence of compensable harm. Under the standards announced in <u>Allah</u>, Lorenzano's request for monetary relief to the extent that it seeks compensatory damages for emotional and psychological injuries caused by Sergeant Grove is barred by Section 1997e(e).

**Verbal Threats**

Plaintiff alleges in part that Sergeant Grove made verbal threats and harassing remaks against him on September 10, 2016.

4

There is no assertion that any of those purported statements were accompanied by any physical force or that they occurred on more then one occasion.

The use of words generally cannot constitute an assault actionable under § 1983. Johnson v. Glick, 481 F.2d 1028, 1033 n.7 (2d Cir.); Maclean v. Secor, 876 F. Supp. 695, 698-99 (E.D. Pa. 1995); Murray v. Woodburn, 809 F. Supp. 383, 384 (E.D. Pa. 1993) ("Mean harassment . . . is insufficient to state a constitutional deprivation."); Prisoners' Legal Ass'n v. Roberson, 822 F. Supp. 185, 189 (D.N.J. 1993) ("[V]erbal harassment does not give rise to a constitutional violation enforceable under § 1983.").

Mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations. Balliet v. Whitmire, 626 F. Supp. 219, 228-29 (M.D. Pa.) ("[v]erbal abuse is not a civil rights violation . . ."), aff'd, 800 F.2d 1130 (3d Cir. 1986) (Mem.). A constitutional claim based only on verbal threats will fail regardless of whether it is asserted under the Eighth Amendment's cruel and unusual punishment clause, see Prisoners' Legal Ass'n, 822 F. Supp. at 189, or under the Fifth Amendment's substantive due process clause.

Verbal harassment, with some reinforcing act accompanying them, however, may state a constitutional claim. For example, a

5

viable claim has been found if some action taken by the defendant escalated the threat beyond mere words. See Northington v. Jackson, 973 F.2d 1518 (10th Cir. 1992) (guard put a revolver to the inmate's head and threatened to shoot); Douglas v. Marino, 684 F. Supp. 395 (D.N.J. 1988) (involving a prison employee who threatened an inmate with a knife). Moreover, alleged instances of verbal harassment which are not accompanied by any physical contact are constitutionally insufficient. See Hart v. Whalen, 2008 WL 4107651 *10 (M.D. Pa. July 29, 2008); Wright v. O'Hara, 2004 WL 1793018 *7 (E.D. Pa. 2004)(correctional officer's words and gestures, including lunging at prisoner with a clenched fist were constitutionally insufficient because there was no physical contact).

There is no indication that the verbal harassment allegedly voiced against Lorenzano was accompanied by a reinforcing act involving a deadly weapon as contemplated under Northington and Douglas. More importantly, it is not alleged that the alleged verbal abuse was accompanied by any use of physical force other then spitting. See Edwards v. Bayside State Prison, Civ. No. 13-833, 2014 WL 6991463 * 6 (D.N.J. Dec. 10, 2014)(alleged spitting by a correctional officer "is not sufficient to raise the allegations of verbal harassment to the level of an Eighth Amendment violation.").

Given the circumstances described by Plaintiff, the

6

purported verbal harassment attributed to Sergeant Grove, although offensive, was not of such magnitude to shock the conscience as contemplated by this Court in S.M. v. Lakeland School District, 148 F. Supp.2d 542, 547-48 (M.D. Pa. 2001) and thus, did not rise to the level of a constitutional violation.

**Spitting**

A correctional officer's use of force in order to constitute cruel and unusual punishment, must involve the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize[s] that conduct prohibited by the Cruel and Unusual Punishment Clause, whether the conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock." Id.

In a later ruling, the United States Supreme Court recognized that the use of force may constitute cruel and unusual punishment even if the prisoner does not sustain "significant" injuries. Hudson v. McMillian, 503 U.S. 1, 9 (1992). The core judicial inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically to cause harm." Fuentes v. Wagner, 206 F.3d 335, 345 (3d Cir.); Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000)(even a de minimis use of force, if repugnant to

7

the conscience of mankind, may be constitutionally significant).
As explained in Fuentes:

> Resolution of an Eighth Amendment claim therefore 'mandate[s] an inquiry into a prison official's state of mind.' Two considerations define that inquiry. We must first determine if the deprivation was sufficiently serious to fall within the Eighth Amendment's zone of protections. If not, our inquiry is at an end. However, if the deprivation is sufficiently serious, we must determine if the officials acted with a sufficiently culpable state of mind. In other words, we must determine if they were motivated by a desire to inflict unnecessary and wanton pain. 'What is necessary to establish an "unnecessary and wanton infliction of pain. . ." varies according to the nature of the alleged constitutional violation.'

206 F.3d at 344.

Courts have recognized that an assault solely consisting of purported spitting by a correctional officer is not enough to rise to the level of an actionable Eighth Amendment claim. See McCullough v. Miller, Civil No. 06-514, 2008 WL 4361254 *7 (W.D. Pa. Sept. 24, 2008); Edwards, 2014 WL 69991463 *7; Hunter v. Bledsoe, Civil No. 1:CV-10-927 (M.D. Pa. Aug. 9, 2010)(Caldwell, J.) ("[a]n assault by spitting is not enough for Eighth Amendment claim.").

Based upon an application of the above standards, Plaintiff's allegation that Grove spit on him while yelling is simply insufficient by itself to set forth a viable claim that the inmate was subjected to a excessive force in violation of

8

the Eighth Amendment.

**Retaliation**

"Retaliation for the exercise of a constitutional right is itself a violation of rights secured by the Constitution." White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir. 1990); Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000)(a prisoner litigating a retaliation claim need not prove that he had an independent liberty interest in the privileges that he was denied, only that the challenged actions were motivated in substantial part by a desire to punish him for the exercise of a constitutional right).

In Rauser v. Horn, 241 F.3d 330, 333 (2001), the Third Circuit held that a prisoner must prove that the conduct which led to the alleged retaliation was constitutionally protected. If the prisoner satisfies that requirement he must then show he suffered some "adverse action" at the hands of prison officials. Id. Allah defined adverse action as being "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights." Allah, 229 F.3d at 225.

Next, the prisoner must prove a causal link between the exercise of the constitutional right and the adverse action against him. Under Rauser, once a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison

officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest. Id. at 334.

It is clear that Plaintiff's vague contention of retaliation by Sergeant Grove does not present any facts which could establish that it was the inmate's exercise of a constitutionally protected right which was a substantial or motivating factor behind the alleged act of retaliation as required by Rauser. Accordingly, the claim of retaliation likewise cannot proceed.

**Administrative Relief**

Finally, it is well settled that inmates also do not have a constitutional right to a prison grievance system. See Jones, 433 U.S. at 137-138; Speight v. Sims, No. 08-2038, 2008 WL 2600723 at *1 (3d. Cir. Jun 30, 2008)(citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001))("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner.") A prisoner's dissatisfaction with responses to his grievances by correctional officials does not support a constitutional claim. See also Alexander v. Gennarini, 144 Fed. Appx. 924, 925 (3d Cir. 2005)(involvement in post-incident grievance process not a basis for § 1983 liability); Pryor-El v. Kelly, 892 F. Supp. 261, 275 (D. D.C. 1995) (because prison grievance procedure does

not confer any substantive constitutional rights upon prison inmates, the prison officials' failure to comply with grievance procedure is not actionable).

Pursuant to the above discussion, Plaintiff's vague claim that Grove would not allow him to seek relief from a superior officer during the September 12, 2016 incident also does not set forth a viable constitutional claim. This determination is bolstered by the fact that Plaintiff acknowledges that he initiated and exhausted an administrative grievance regarding Defendant Grove's alleged misconduct.

**Conclusion**

Since Lorenzano's civil rights complaint is "based on an indisputably meritless legal theory," it will be dismissed, without prejudice, as legally frivolous. Wilson, 878 F.2d at 774. An appropriate Order will enter.

/s/ Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: MAY 4th, 2017

11